# Appeal of C. G. Christie and R. P. Scott.

1. C. was the owner of a leasehold property of five acres with an oil-well and machinery, &c., on it, and leased it to D. for ten months, with conditions for a sale. D. paid two hundred dollars in cash, and agreed to pay the balance of the purchase-money in several payments, and when all were made C. agreed to make a bill of sale of the property to D. If D. failed to make the payments at the times specified his rights to the premises were to cease and determine and the payments made prior to such default were to be treated as liquidated damages. D. went into possession and made but one payment. The property at the suit of M. was levied upon and sold by the sheriff as the property of D. *Held,* that the agreement was a lease, with a condition for a sale at the end of the term, provided that the payments were made at the times specified, and a failure so to make them resulted in a forfeiture of D.'s rights and a reinvestment of the same in C., and that the sheriff's vendee took no title under the levy and sale as the property of D.

2. This case is distinguished from Martin *v.* Mathiot, 14 S. & R. 214, as the property in that case consisted of personal chattels and in this of chattels real.

November 13th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Appeal from the decree of the Court of Common Pleas of *Butler county:* Of October and November Term 1876, No. 226.

After the bill in equity and answer were filed in this case it was agreed to submit the whole case, as stated in the bill, and the title to the property, to the court, without the intervention of a jury, with the right of either party to take testimony. The bill was filed by Edward Bailey against the appellants, and averred that, on February 17th 1876, plaintiff purchased from one R. L. Carlin a certain leasehold, containing about five acres of land, situate in Butler county, together with machinery, &c., and an oil-well, known as "the Emery & Caldwell" well, for $1900 in cash, and received on that day from the vendor possession of the property so purchased; that on February 18th 1876, plaintiff was arrested at the instance of defendant, Christie, for forcible entry and detainer, and at the time of the arrest defendant, Scott, took possession of the property; that on February 2d 1876, defendant, Christie, purchased at a sheriff's sale, for $50, all the right and title of one Cranmer of, in, and to the said property; that all the right that he (Cranmer) had was under certain articles of agreement, dated December 10th 1875, in which said Carlin, in consideration of one dollar, leased for ten months to said Cranmer the said five acres, well and fixtures, &c.; $200 were to be paid at the time of the execution of the lease, $500 in two months from its date, $500 in four months, $500 in six months, $500 in eight months, and $175 in ten months. Upon the payment of the aggregate of said sums of money Carlin agreed to execute to Cranmer a bill of sale of said property. It was agreed that, upon a failure to pay at the times specified, all the right of Cranmer in the property should cease and determine, and that all payments previously made should be con-

[Christie and Scott's Appeal.]

sidered as liquidated damages. It was agreed that, until the whole amount was paid, the title should remain in Carlin. It was averred that at the sheriff's sale due notice was given of the right of Cranmer; that he made but one payment on the said contract, to wit: $200, and that Carlin, February 15th 1876, under the lien of the contract, took possession of the property, and on February 17th 1876, sold and delivered the property to plaintiff. The bill prays for an injunction and general relief.

The answer of the defendant's set forth that February 2d 1876 they bought at sheriff's sale all the right and title of Cranmer in and to said property; that before and at the time of the levy Cranmer was in quiet possession of the premises, claiming to have purchased them from Carlin; that the attorney of Carlin had on the notes given for the amount of the purchase-money entered judgment against Cranmer in the aggregate for the whole purchase-money, except the $200 paid in cash, which judgments are unsatisfied; that Carlin did not give plaintiff quiet possession of the property and that he knew of defendant's purchase and title; that the purchase by plaintiff is a fraudulent scheme; that the said Cranmer contract was a fraud upon his creditors as he went into possession; that defendant took a good title by the sheriff's sale. The quiet possession of plaintiff is denied.

The court made a decree that the title to the leasehold and property was in plaintiff, and that defendant should deliver to him possession of the same.

Defendants appealed from this decree, and assigned for error the making and entering of this decree.

*Thompson* and *Scott*, for appellants.—The contract of Carlin with Cranmer was a conditional if not an absolute sale. Cranmer gave five judgment-notes in payment, went into possession and had absolute control of the premises. Carlin did not put his contract on record, but entered up his judgment-notes, and by his conduct strengthened the impression that Cranmer was the owner. This rendered the contract fraudulent as to the creditors of Cranmer, and the sheriff's vendee at the sale took a good title: Martin *v.* Mathiot, 14 S. & R. 214; Becker *v.* Smith, 9 P. F. Smith 469; Rose *v.* Story, 1 Barr 190; Welsh *v.* Bell, 8 Casey 12; Waldron *v.* Haught, 2 P. F. Smith 408. There was a remedy at law. Tillmes *v.* Marsh, 17 Id. 507; North Pennsylvania Co. *v.* Snowden, 6 Wright 488.

*John H. Miller*, for appellee.—Carlin did not part with possession, but retained control. His contract was not a sale: Rowe *v.* Sharp, 1 P. F. Smith 26.

Mr. Justice GORDON delivered the opinion of the court, January 7th 1878.

[Christie and Scott's Appeal.]

This was a bill to recover the possession of, and settle the title to, a certain leasehold estate in the county of Butler. The court decreed the right of possession and title to be in Edward Bailey, the plaintiff below. Undoubtedly the bill was misconceived, for the court had no jurisdiction to try an action of ejectment in this form; as however, this objection was waived and the whole matter was, by agreement of the parties, submitted to the court, we must treat it as a regular case stated.

R. L. Carlin, under whom the plaintiff claims, was the owner of a certain leasehold property of about five acres in Fairview township, on which was an oil-well, with the necessary machinery and appurtenances. Carlin leased this property, on the 10th of December 1875, to David Cranmer for the term of ten months. Cranmer paid thereon, on hand, two hundred dollars, and agreed to pay within the said ten months, in several payments, the further sum of two thousand one hundred and seventy-five dollars, and, upon the last payment, Carlin agreed to execute to Cranmer a bill of sale for the premises.

It was further agreed that in case Cranmer failed to meet said payments, or either of them, as they fell due, his right in, and possession of, said premises should at once cease and determine and revest in Carlin; that any payments made prior to such default should belong to the lessor as liquidated damages, and that, until payment was fully made, the property should continue to be the property of Carlin, and that the oil produced from the well should be run in his name, the proceeds to be applied by him on account of rent. Cranmer went into possession but made no further payment.

On the 2d of February 1876, this property was sold, by the sheriff of Butler county, as the property of Cranmer, on a fi. fa. at the suit of K. McCandless, to C. G. Christie, one of the defendants below.

Now, there is no doubt of the fairness and rectitude of this transaction as between the parties themselves. The agreement was one they had a right to make, and one that must be taken and construed according to their own intent and meaning. It was a lease for the term of ten months, with condition for a sale absolute at the end of that time, provided the payments as therein specified should be promptly met and discharged; the products of the well, in the meantime, belonging to the lessor. The payments were not met, hence resulted a forfeiture of Cranmer's rights and a revestment of the same in Carlin. This, in ordinary cases, might be regarded as a sharp and hard contract, but it is, in fact, not any more so than any other contract in which time is made of essence, and we can readily understand how necessary stringent provisions are in the transactions of so uncertain a business as oil mining. Had there been any attempt to fulfil the conditions of this contract; had

there been a tender of the payments due, the matter would present itself in a more favorable light for the defendants, but as the attempt is to get Carlin's property without consideration, it cannot reasonably be expected that we will regard such attempt with much favor.

As there is no question of notice involved in this case, we cannot see how the sheriff's vendee occupies a standing more favorable than Cranmer himself.   It is true, there has been an attempt to bring this transaction within that class of cases represented by Martin *v.* Mathiot, 14 S. & R. 214, but this is a failure.   We well know that in a sale of personal chattels, the vendor, as against creditors, cannot retain title thereto after a surrender to the vendee, but such is not the case with chattels real.   If one has a lease of a farm for twenty years, it won't do to say that he loses title thereto by putting a tenant into possession under a lease for ten years.   As was said in the case of the appeal of the Titusville Novelty Iron Works, 27 P. F. Smith 103, there is a wide difference between chattels personal and chattels real.   The latter grow out of, and are attached to the realty, and by reason of their fixed and permanent character, can only be seized and held as realty.   A lease of land, during the term, is as fixed as the land itself, for it can only be used upon the land out of which it arises.   It is nothing more or less than a right to use the freehold for the term mentioned in the lease.   It is, therefore, an estate in land.   These chattels cannot be seized and held as personal goods which accompany the person, and are susceptible of transportation from place to place. It is thus apparent that the defendants have failed to raise a case of legal fraud, and they must stand or fall in the rights of Cranmer.   As, however, these have failed through a want of compliance with the conditions on which they were founded, the case is remediless.

Decree affirmed.